CATLIN, Respondent, vs. SCHROEDER, Appellant.

*February 8—March 6, 1934.*

For the appellant there was a brief by *Fischer & Brunner* of Shawano, and oral argument by *L. J. Brunner.*

*Matthew M. Wallrich* of Shawano, for the respondent.

WICKHEM, J. The first and second assignments of error relate to the manner of submission of the cause to the jury and the instructions of the court, and may well be considered together. The complaint alleged that the parties entered into a contract whereby plaintiff was to collect accounts for defendant and to be paid therefor a compensation of $3.50 per hour. The complaint alleges performance by plaintiff and a balance due, after payments on account amounting to $296.50, of $300.

Defendant admits the facts set out in the complaint, but alleges that as part consideration for defendant's agreement to pay plaintiff $3.50 per hour, plaintiff guaranteed to defendant that he would collect whatever claims were given

to him by defendant up to within ten per cent. of such claims. Defendant further alleges that plaintiff breached the contract in that he collected less than five per cent. of the claims submitted to him for collection.

Upon the trial it was stipulated that the only question involved was whether it was one of the essential elements of the oral contract that plaintiff was to guarantee to collect up to and including ninety per cent. of the defendant's accounts, both delinquent and current. In the face of this stipulation the court submitted the following question to the jury:

"Was it agreed by and between the plaintiff, G. L. Catlin, and the defendant, E. L. Schroeder, on or about June 1, 1930, wherein and whereby the plaintiff, G. L. Catlin, promised and agreed to render services for the defendant and collect and guarantee to collect ninety per cent. of the defendant's then present and current outstanding accounts due him from his patients, and wherein and whereby the said defendant promised and agreed to pay the said plaintiff for said services so rendered the sum of $3.50 per hour?"

The jury answered this question "No." It is contended by the defendant that the question submitted does not accord with the stipulation of the parties as to what the issue was. The criticism is sound. The question may be construed to include three inquiries: first, whether the parties agreed that plaintiff was to render services; second, whether he guaranteed to collect ninety per cent. of defendant's delinquent and current outstanding accounts; and third, whether the compensation was to be $3.50 per hour. Standing alone, the question is at least misleading, and in the absence of proper instructions would doubtless constitute prejudicial error. The instructions of the court, however, are deemed to clarify the question sufficiently to avoid a conclusion of prejudicial error. The court stated:

"There is no dispute that it was agreed that the plaintiff, George L. Catlin, was to collect accounts for the defendant

and that the plaintiff was to receive $3.50 per hour for the services rendered. The dispute is whether it was agreed and understood between the parties that the plaintiff was to collect and guarantee the collection of ninety per cent. of the defendant's accounts for the defendant."

Since the giving of the guaranty by plaintiff was the only issue of fact, and since the court plainly instructed the jury that the question submitted presented only this issue, the jury can hardly have been misled by the ambiguous character of the question. Following the instruction above quoted, the court gave rather elaborate instructions with respect to the necessity for a meeting of the minds of the parties to a contract, and none of these are attacked as erroneous. It is claimed by defendant, however, that these instructions are apparently made applicable to the two uncontested questions which defendant claims were included in the special verdict as well as the contested question. In view of the clear and explicit limitation of the issue at the beginning of the charge, we find no basis for this criticism.

The third assignment is that if the court should determine that the instructions of the court are consistent with the special verdict, defendant is entitled to judgment on the verdict, upon the theory that the question is so broad that a negative answer would negative the entire contract. What has been said concerning the first and second assignments rules this contention. In view of the instructions, the question must be considered to have presented to the jury the only issue of fact in the case. This being true, the answer to the question must be considered to have been responsive to the question in its restricted meaning.

*By the Court.*—Judgment affirmed.